## GEORGE L. STEPHENSON

*v.*

## NEWELL BROWNING.

1. CHATTEL MORTGAGE — *execution liens.* Where a debtor executed a mortgage on chattels to secure a debt, and, by the terms of the instrument, was authorized to retain possession of the property until the 1st of July, 1867, but it was acknowledged before a justice of the peace, in a different justice's precinct from that in which the mortgagor resided, and was never recorded; and it appeared that an execution was issued against the mortgagor, and placed in the hands of a constable, on the 12th of June, of that year: *Held,* that the execution became a prior and better lien on the property, inasmuch as the mortgage, although binding on the parties to it, was fraudulent in law, as to creditors and purchasers, and the property could be seized and sold on the execution.

2. REPLEVIN — *levy under an execution.* Where, in such a case, the constable made a levy on the mortgaged property, and the mortgagee brought replevin for its recovery, the constable may successfully defend under the execution and levy. Nor would the promise of the beneficial plaintiff, that if the mortgagor would delay, for a specified time, in reducing the property to possession, he would

pay his debt, being without consideration, release or discharge the lien of the execution.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion states the case.

Mr. F. C. SMITH and Mr. A. M. CRAIG, for the appellant.

Messrs. FROST & TUNNICLIFF, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from the record in this case, that Charles Sage, in February, 1867, executed a chattel mortgage on a horse, to appellee, to secure a debt of $56.16, due on the first day of July following. It was acknowledged before a justice of the peace, but in a different precinct from that in which the mortgagor resided, and was never recorded. It also appears, that one Erick Hubbard held a judgment for $22.40 and costs, against the mortgagor, which was, on the 5th of June, 1867, assigned to Horace L. Sage, and he had an execution issued on the 12th of that month, which was placed in the hands of appellant. The execution having been lost, its date and contents were proved by the justice of the peace, and appellant testified that he levied it upon the horse a few days after the mortgage became due, but can fix no definite time when he made the levy. At the time of the levy, the defendant in execution gave a delivery bond, and the property was left in his possession.

Appellee testified, that he took the horse into possession about two weeks after the mortgage matured, and then sued out this writ of replevin before a justice of the peace, from whose judgment an appeal was prosecuted to the Knox Circuit

Court, where a trial was had by the court, a jury having been waived by consent of the parties. The issues were found for appellee, and the cause is brought to this court, and appellant asks a reversal.

Appellee claims the property under his mortgage, and appellant, as constable, under the execution and levy upon the property. On the trial, appellee testified that about the time the mortgage matured he called upon Horace L. Sage, who was the assignee of the judgment, and controlled the execution, and that he agreed to pay it about the 10th of July, if appellee would not trouble the mortgagor; that he agreed that he would not, and that, in consequence of the agreement he did not take possession of the horse until after the time expired. This, Horace L. Sage, in his testimony, positively denies. It will be observed, that the execution was issued on the 12th of June, 1867, and the mortgage did not mature until the 1st of July following. The mortgage not having been recorded, and not being properly acknowledged, the horse was liable to be seized under it, as the mortgage, whilst binding between the parties, was, in law, fraudulent, as to creditors and *bona fide* purchasers. The lien of the execution, then, attached on the day it issued, as the justice of the peace testifies that it was then placed in the constable's hands. This lien was superior to that of the mortgage, and must hold the property, unless it has been waived or released. It is, however, claimed that such was the case, by the promise of Horace L. Sage to pay the debt.

We can see no possible reason to induce him to make the promise, and Horace L. Sage denies that he ever did, and several witnesses, and, amongst them, the justice of the peace, state that, on the trial before him, appellee did not swear to a positive promise, but that he only inferred from the conversation that he would pay his debt if he would delay in taking possession of the horse. If such a promise was made, and it is not satisfactorily proved, it was without consideration, and

Sage could not have derived the least benefit by the delay, as he could have had the property seized on execution, as well before as after the maturity of the mortgage. Appellee then held the mortgage subject to the execution, and could have paid it, and held the horse, if no other lien had attached before reducing it to possession. A promise, to be binding, must be supported by a sufficient consideration. It is true, that it need not be money or property, but it may be a benefit to one, or an injury to the other party. In this case there is no pretense that appellee paid any money or property, or that he sustained any injury, or that Sage received any benefit by the agreement, if it was made.

It is also urged, that the justice of the peace, who rendered the judgment upon which the execution issued, had no jurisdiction. It is claimed that the summons issued by the justice showed that there were not five days intervening, between its date and the day of the trial, which is denied by the other side. But the summons is not set out in the bill of exceptions, and, hence, we are unable to see whether the objection is true in fact. On the contrary, the circuit judge admitted it in evidence, and we must presume that it was proper until the appellant, assigning it as error, establishes that it was not regularly issued, or served the proper length of time before the trial. A party who alleges error must establish it, and in this appellant has not shown error.

But, for the reason indicated, the judgment must be reversed and the cause remanded.

*Judgment reversed.*